UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR LOZANO,<br>Individually and as the representative of a class<br>of similarly-situated persons,<br><br>                Plaintiff,<br><br>   v.<br><br>TWENTIETH CENTURY FOX FILM CORP.,<br>a Delaware corporation; TWENTIETH<br>CENTURY FOX HOME ENTERTAINMENT<br>LLC D/B/A FOXSTORE.COM, a Delaware<br>limited liability company<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendants, Twentieth Century Fox Film Corporation and Twentieth Century Fox Home Entertainment LLC d/b/a Foxstore.com (collectively "Defendants"), submit the following Notice of Removal of a Civil Action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

### PROCEDURAL BACKGROUND

1.     Plaintiff Victor Lozano ("Plaintiff") filed a Class Action Complaint in the Circuit Court of Cook County, Chancery Division, on September 8, 2009 against the Defendants.

2.     On September 11, 2009, Plaintiff served Defendants, respectively, with copies of the Complaint and Summons, issued by the Clerk of the Circuit Court, through a special process server in Delaware. (Copies of the Summons and Complaint are attached as Exhibit A.)

3.  Defendants timely file this Notice of Removal pursuant to 28 U.S.C. § 1446(b) within 30 days of being served, respectively, with the Summons and Complaint and less than one year has passed since the action commenced.

## BASIS FOR REMOVAL

4.  This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

5.  In the Complaint, Plaintiff seeks damages for alleged violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Ex. A, ¶¶ 23—27.)

6.  The Seventh Circuit has recognized that the TCPA provides a basis for federal question jurisdiction under 28 USC § 1331. *See Brill v. Countrywide Home Loans*, 427 F.3d 446 (7th Cir. 2005).

7.  In *Brill*, the Seventh Circuit held that "the proviso [in the TCPA] that actions may be filed in state court 'if otherwise permitted by the laws or rules of a State' implies that federal jurisdiction under § 1331 or § 1332 is available . . ." *Id.* at 451. The Seventh Circuit granted the defendant's petition for interlocutory review and reversed the granting of plaintiff's motion to remand after ruling that removal was permitted under federal question jurisdiction. *Id.* at 451-52.

8.  Other courts in the Northern District of Illinois have cited *Brill* with approval in several subsequent decisions. *See Benedia v. Super Fair Cellular, Inc.*, No. 07 C 01390, 2007 WL 2903175, at *1 (N.D. Ill. Sept. 26, 2007) ("[i]n *Brill*, the Court concluded that TCPA claims brought in state court may be removed to federal court under *either* the Class Action Fairness Act ('CAFA') *or* the general removal provision, 28 U.S.C. § 1441(a)" and "the Court clearly stated that federal question jurisdiction was also available") (*emphasis in original*); *G.M. Sign,*

2

*Inc. v. Franklin Bank, S.S.B.*, No. 06 C 0949, 2006 WL 1132386, at **2-3 (N.D. Ill. Apr. 19, 2006) (denying motion to remand and holding "*Brill* is the only controlling authority on the issue, and clearly stands for the notion that federal courts have 'arising under' jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331, and that such claims are thus removable under 28 U.S.C. § 1441"); *Italia Foods v. Marinov Enterprises, Inc.*, No. 07 C 2494, 2007 WL 4117626, at *4 (N.D. Ill. Nov. 16, 2007) ("the Seventh Circuit has expressly concluded that TCPA claims brought in state court may be removed to federal court based upon either diversity or 'arising under' jurisdiction"). Because the Seventh Circuit has made clear in *Brill* that TCPA claims arise under federal law, plaintiff's Complaint is removable to federal court.

9. Venue is proper in the Northern District of Illinois based on 28 U.S.C. § 1391(c) because Plaintiff alleges Defendants conduct business in the Northern District of Illinois. (Ex. A, ¶ 8.)

10. Defendants are serving this Notice of Removal on Plaintiff's counsel of record, KamberEdelson LLC, via electronic mail and U.S. Mail addressed to its office located at 350 North LaSalle Street, Chicago, Illinois 60654.

11. Defendants are also filing a copy of the Notice of Removal of a Civil Action in the Circuit Court of Cook County.

WHEREFORE, Twentieth Century Fox Film Corporation and Twentieth Century Fox Home Entertainment LLC d/b/a Foxstore.com notify this Court that this cause has been removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446.

    Respectfully submitted,

    TWENTIETH CENTURY FOX FILM CORPORATION

    TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC D/B/A FOXSTORE.COM

Dated: October 9, 2008    By:    /s/ Steven P. Mandell
    One of their attorneys

Steven P. Mandell (ARDC #6183729)
Steven L. Baron (ARDC #6200868)
John D. Fitzpatrick (ARDC #6277475)
Shari R. Albrecht (ARDC #6288927)
Mandell Menkes LLC
333 W. Wacker Drive, Suite 300
Chicago, Illinois 60606
312-251-1000

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused to be served and filed Defendants' ***Notice of Removal of a Civil Action*** *electronically* with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished via ECF this **October 9, 2009**, on:

Michael J. McMorrow
Ryan D. Andrews
KamberEdelson, LLC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
*Tel:* (312) 589-6370
*Fax:* (312) 589-6378


/s/ John D. Fitzpatrick


177974v1