UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR LOZANO,<br>Individually and as the representative of a class<br>of similarly-situated persons,<br><br>               Plaintiff,<br><br>               v.<br><br>TWENTIETH CENTURY FOX FILM CORP.,<br>a Delaware corporation; TWENTIETH<br>CENTURY FOX HOME ENTERTAINMENT<br>LLC D/B/A FOXSTORE.COM, a Delaware<br>limited liability company,<br><br>             Defendants. | No. 1:09-cv-06344<br>Judge Amy J. St. Eve |

**DEFENDANTS TWENTIETH CENTURY FOX FILM CORP.'S AND
TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC D/B/A
FOXSTORE.COM'S ANSWER TO CLASS ACTION COMPLAINT**

Defendants, Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment LLC d/b/a Foxstore.com (together, "Defendants"), by and through their undersigned attorneys, Proskauer Rose LLP, hereby answer the Class Action Complaint (the "Complaint") of Victor Lozano ("Plaintiff") as follows:

**ANSWER**

**NATURE OF THE CASE**

1. In an effort to promote its motion picture products, Defendants, subsidiaries of a mass media conglomerate, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

**ANSWER:** Defendants admit that they are subsidiaries of News Corporation. Defendants deny any remaining allegations and characterizations in this paragraph, and specifically deny that they have engaged in any unauthorized form of marketing.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

**ANSWER:** Defendants deny the allegations in this paragraph.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and that Plaintiff seeks to bring his claims on behalf of a putative class. Defendants deny any remaining allegations and characterizations in this paragraph, specifically deny that an SMS message is a "call," specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action to seek the relief described in this paragraph but deny that Plaintiff has alleged facts sufficient to support the relief requested. Defendants deny any remaining allegations and characterizations in this paragraph, specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

## PARTIES

5. Plaintiff Lozano is a citizen of Illinois.

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

6. Defendant Twentieth Century Fox Film Corporation is a film studio and/or retailer of movies on DVD and other technology formats. It is a Delaware corporation with its principal place of business in California. It does business throughout the United States, including in Illinois and in this county.

**ANSWER:** Defendants deny the allegations of the first sentence of this paragraph, except to the extent that Defendant Twentieth Century Fox Film Corporation produces and distributes motion pictures. Defendants admit the allegations of the second sentence of this paragraph. Defendants admit that Defendant Twentieth Century Fox Film Corporation distributes motion pictures in Illinois and in Cook County.

7. Defendant Twentieth Century Fox Home Entertainment, LLC is a film studio and/or retailer of movies on DVD and other technology formats. It is a Delaware limited liability company with its principal place of business in California. It does business throughout the United States, including in Illinois and in this county.

**ANSWER:** Defendants deny the allegations of the first sentence of this paragraph, except to the extent that Defendant Twentieth Century Fox Home Entertainment, LLC distributes motion pictures for home entertainment purposes. Defendants admit the allegations of the second sentence of this paragraph. Defendants admit that Twentieth Century Fox Home Entertainment, LLC causes motion pictures to be distributed for home entertainment in Illinois and in Cook County.

**VENUE**

8. Venue is proper in Cook County because Defendant does business in Cook County and/or because the cause of action arose here.

**ANSWER:** Defendants admit that venue is proper with respect to the named Plaintiff's claims because each Defendant does certain business in this District. Defendants specifically deny that this District is an appropriate venue for a putative class action and deny any remaining allegations and characterizations in this paragraph.

## CONDUCT COMPLAINED OF

9. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same. To the extent any allegation in this paragraph is directed at the Defendants or their conduct, Defendants deny the allegations and characterizations in this paragraph.

10. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph and therefore deny the same. Defendants admit that the term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. Defendants deny any remaining allegations and characterizations in this paragraph.

11. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

**ANSWER:** Defendants admit that an SMS message is a text message directed to a wireless device through the use of the telephone number assigned to the device. Defendants deny any remaining allegations and characterizations in this paragraph, specifically deny that a recipient's cell phone "rings" each time an SMS message is successfully made, and specifically deny that an SMS message is a "call."

12. Unlike more conventional advertisements, wireless spam actually costs its recipients money because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified amount or number of messages, whether or not the message is authorized.

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same. Further answering, Defendants state that Plaintiff has not alleged that he paid his wireless service provider for individual text messages.

13. Beginning in at least 2005 and continuing for months if not years thereafter, Defendants and their agents caused mass transmissions of wireless spam to the cell phones of what it hoped were potential customers of its motion picture products.

**ANSWER:** Defendants deny the allegations of this paragraph.

14. For instance, on or about October 1, 2005, Plaintiff's cell phone rang, indicating that a text call was being received.

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same. Further answering, Defendants state that Plaintiff has not identified the cell phone number of the cell phone that Plaintiff alleges receive the SMS message described in paragraph 14 and specifically deny that an SMS message is a "call."

15. The "from" field of the transmission was identified cryptically as "49421," which Plaintiff later learned was an abbreviated telephone number known as an SMS short code. The body of such text message read:

> GEAR UP 4 THE HILARIOUS ANIMATED FILM ROBOTS ON
> DVD @FOXSTORE.COM.  TAKE AN EXTRA $5 OFF THE
> ALREADY LOW PRICE BY USING COUPON CODE
> ROBOFOX PWRDBYZINGY

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

5

16.     Over the next several months, on information and belief, Plaintiff received additional spam text message advertisements from Defendants, in knowing violation of Plaintiff's privacy.

**ANSWER:**    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph regarding any text messages Plaintiff received or their source and therefore deny the same. Defendants deny that any SMS message or messages Plaintiff allegedly received from or on behalf of Defendants were sent "in knowing violation of Plaintiff's privacy." Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

17.     At no time did Plaintiff consent to the receipt of such wireless spam text messages from Defendants.

**ANSWER:**    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

## CLASS ALLEGATIONS

18.     Plaintiff brings this action on behalf of himself and a class defined as follows:  a class (the "Class") consisting of Plaintiff and all others nationwide who received one or more unauthorized text message advertisements on behalf of FoxStore.

**ANSWER:**    Defendants admit that Plaintiff purports to bring this action on behalf of a class defined in paragraph 18. Defendants deny any remaining allegations and characterizations in this paragraph, specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

19.     Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

**ANSWER:**    This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph,

6

specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

20. Common questions of law and fact exist as to all members of the Class and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class include:

    (a)    Does the wireless spam Defendants distributed violate the TCPA?

    (b)    Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

    (c)    Did the conduct described above violate the Class's right to privacy?

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph, specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

21. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the Class, and he has retained counsel competent and experienced in similar class action litigation.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph, specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

22. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph, specifically deny that Plaintiff or any members of the putative class have suffered any actual

damages, specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

## COUNT I
### (Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)

23. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1-22 of Plaintiff's Complaint as if fully set forth herein.

24. Defendants made unsolicited commercial text calls to a list of wireless telephone numbers, such numbers belonging to Plaintiff and the other members of the Class, using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph, specifically deny that an SMS message is a "call," specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

25. These text calls were made *en masse* without the prior express consent of the Plaintiff and the Class.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph, specifically deny that an SMS message is a "call," specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

26. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph, specifically deny that Plaintiff or any members of the putative class have suffered any actual damages, specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

27. Defendants' misconduct was willful and knowing, and the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and members of the Class.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph, specifically deny that this action may be properly maintained or certified as a class action, and specifically deny the claims of Plaintiff and the putative class.

All allegations of the Complaint, whether made on behalf of the named Plaintiff or the putative class, that are not specifically admitted herein are expressly denied.

WHEREFORE, Defendants deny that Plaintiff or any putative class members are entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE OR OTHER DEFENSES

### FIRST DEFENSE: CONSENT

Plaintiff's Complaint fails to state a claim upon which relief may be granted to the extent Plaintiff consented and/or acquiesced to the conduct alleged in Plaintiff's Complaint, including receipt of text messages.

### SECOND DEFENSE: ESTOPPEL, WAIVER, LACHES, AND/OR RATIFICATION

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or ratification.

### THIRD DEFENSE: NO WILLFUL CONDUCT

Plaintiff's claims fail, in whole or in part, because Defendants, at all relevant times, did not knowingly or willfully violate any provision of the TCPA.

### FOURTH DEFENSE: NO STANDING

Plaintiff lacks standing to bring some or all of the claims in this action.

### FIFTH DEFENSE: FAILURE TO SATISFY PLEADING STANDARDS

Plaintiff's claims fail, in whole or in part, because the allegations in paragraph 16 of the Complaint are vague and ambiguous and fail to set forth a short and plain statement of Plaintiff's claim that he received any SMS message advertisement from Defendants beyond the SMS message described in paragraph 15 of the Complaint.

### SIXTH DEFENSE: FAILURE TO MITIGATE DAMAGES

Plaintiff's claims fail, in whole or in part, because Plaintiff failed to take reasonable steps to protect himself from the damage alleged in the Complaint, and failed to mitigate any such alleged damage.

### SEVENTH DEFENSE: NO ACTUAL DAMAGES

Plaintiff cannot recover because Plaintiff did not suffer any actual damages as a result of any act or alleged omission by Defendants.

### EIGHTH DEFENSE: DUE PROCESS VIOLATION

Plaintiff's claims for statutory damages, or claims for other exemplary damages, violate the Due Process Clause of the United States Constitution because Defendants at all relevant times had a good faith belief that their actions complied with the provisions of the TCPA.

### NINTH DEFENSE: DUE PROCESS VIOLATION

Plaintiff's claims for statutory damages, or claims for other exemplary damages, are so disproportionate to the injuries, if any, suffered as to violate the Due Process Clause of the United States Constitution.

### TENTH DEFENSE: NO CALLS

Plaintiff's claims fail, in whole or in part, because Defendants did not make any calls and/or send any SMS messages to Plaintiff.

### ELEVENTH DEFENSE: NO CAUSATION

Any injury to Plaintiff is the result of his own conduct, the conduct of his agent(s), and/or the conduct of third parties, and not the conduct of Defendants.

### TWELFTH DEFENSE: NO HARM

The contribution of Defendants to the harm allegedly suffered by Plaintiff and members of the putative class is *de minimis*.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action. Defendants further reserve the right to add additional defenses and/or counterclaims in the event this action is certified for class treatment, and also reserve their right to assert counterclaims against any persons to the extent required in order to preserve their rights. The defenses raised above apply to claims by or on behalf of any member of the putative class, or the putative class itself.

### JURY DEMAND

Defendants hereby demand a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of his Complaint;

2. That no class be certified on this matter;

3. That the Complaint be dismissed on its merits and with prejudice;

4. That Defendants be awarded their attorney's fees and costs of suit incurred herein to the extent allowed by law; and

5. That Defendants be awarded such other and further relief as the Court deems necessary.

Dated: April 12, 2010

        Respectfully submitted,

        PROSKAUER ROSE LLP


        By: */s/ Catherine J. Spector*
            Marc E. Rosenthal (ARDC# 6202850)
            John A. Sloat (ARDC# 6278468)
            Catherine J. Spector (ARDC# 6287459)
            Proskauer Rose LLP
            70 W. Madison, 38th Floor
            Chicago, IL 60602
            Telephone: 312.962.3550
            Fax: 312.962.3551
            *Attorneys for Twentieth Century Fox Film Corp. and Twentieth Century Fox Entertainment LLC d/b/a Foxstore.com*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing documents via the Court's CM/ECF system on this 12th day of April, 2010.

                                              */s/ Catherine J. Spector*
                                              Catherine J. Spector