# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| VICTOR LOZANO, individually and on behalf of a class of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) TWENTIETH CENTURY FOX FILM CORP., ) a Delaware corporation, TWENTIETH CENTURY ) FOX HOME ENTERTAINMENT LLC D/B/A ) FOXSTORE.COM, a Delaware limited liability ) company, ) *Defendants*. ) | No. 09-CV-6344 Honorable Amy J. St. Eve |

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

Upon review and consideration of Plaintiff's Uncontested Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement, the parties' Class Action Settlement Agreement ("Settlement Agreement"), and the attachments to each that have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has read and considered the Settlement Agreement, including its Exhibits, and having heard certain interested parties hereby preliminarily approves the Settlement Agreement in its entirety. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and terms and phrases shall have the same meaning as ascribed to them in the Settlement Agreement. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial

relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations between experienced class action attorneys assisted by a neutral mediator; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

**Settlement Class Certification**

2. Subject to the Settlement Agreement and for settlement purposes only, the Court certifies the Settlement Class as defined in the Settlement Agreement:

> All Persons Nationwide who in September or October 2005, were sent or received a text message that said:
>
> GEAR UP 4 THE HILARIOUS ANIMATED FILM ROBOTS ON DVD @FOXSTORE.COM. TAKE AN EXTRA $5 OFF THE ALREADY LOW PRICE BY USING COUPON CODE ROBOFOX PWRDBYZINGY

3. In connection with class certification for settlement purposes only, the Court makes the following preliminary findings pursuant to Federal Rule of Civil Procedure 23: (a) the Settlement Class consisting of approximately 98,852 persons is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named Plaintiff are typical of those of the claims of the proposed Settlement Class; (d) the named Plaintiff is capable of fairly and adequately protecting the interests of the proposed Settlement Class in connection with the Settlement Agreement; (e) for purposes of determining whether the Settlement Agreement is fair, adequate and reasonable, common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (f) for purposes of settlement, a class action settlement with the

proposed class definition is superior to other available methods for fairly and efficiently adjudicating and resolving this action.

4. In making the findings set forth in Paragraph 3 above, the Court finds that the Settlement Class warrants certification for settlement purposes, and that Plaintiff Victor Lozano, shall be designated as Class Representative.

5. For purposes of settlement only, the Court appoints Jay Edelson, Myles McGuire, Michael J. McMorrow, and Ryan D. Andrews of Edelson McGuire LLC as Class Counsel for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel.

**Final Approval Hearing**

6. The Final Approval Hearing, shall be held before this Court on April 15, 2011, at 9 a.m. at the United States Courthouse, 219 South Dearborn Street, Courtroom 1241, Chicago, Illinois, to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be given final approval, and whether a Final Judgment and order of dismissal with prejudice should be entered in this action based upon the Settlement Agreement.

7. At the Final Approval Hearing, the Court shall also determine whether to approve the payment of attorneys' fees and expenses to Class Counsel and whether to approve the payment of the incentive award to the Class Representative. Papers in support of final approval of the Settlement Agreement, the incentive award, and attorneys' fees shall be filed with the Court on or before April 1, 2011. The Court may adjourn, postpone, or continue the Final Approval Hearing without further notice to members of the Settlement Class.

**Notice and Administration**

8.  The Court approves, as to form, content and distribution, all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and the Exhibits thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Parties shall have the discretion to format the Class Notice before transmission. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.

9.  Within no later than five (5) business days of the entry of this Order, Defendants Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment LLC d/b/a FoxStore.com ("Defendants") shall cause to be produced to the Settlement Administrator and Class Counsel a list of telephone numbers that includes all of the members to which the Text Message was sent, in both hard copy and electronic form. Defendants warrant and represent that they have no U.S. mailing addresses and/or email addresses in their possession, custody, or control for the persons to whom the Text Message was sent. Any costs incurred in obtaining such U.S. mailing addresses and/or email addresses are Settlement Administration Expenses and shall be paid or reimbursed from the Settlement Fund. The Settlement Administrator shall employ commercially reasonable services to compile a list of U.S. mailing addresses for the Settlement Class based on the information that is obtained pursuant to this Paragraph. The

Settlement Administrator shall then send Notice substantially in the form attached as Exhibit B to the Settlement Agreement, and an accompanying Claim Form substantially in the form attached as Exhibit A, with information concerning an electronic link to said Claim Form, to each address by First Class U.S. Mail and by email to each email address obtained no later than forty-five (45) days after the entry of this Order.

10. Within forty-five (45) days of the entry of this Order, newspaper publication Notice shall be made and purchased by the Settlement Administrator in a one-day 1/8th page ad space in the Miami Herald, the New York Daily News, the Los Angeles Times, the Chicago Sun Times, the Philadelphia Inquirer, the Dallas Morning News, the Houston Chronicle, the Fort Worth Star Telegram, the Washington Post, the Atlanta Journal-Constitution, the Boston Globe, USA TODAY, and a 1/2 page ad in Entertainment Weekly, in accordance with the Settlement Agreement. The text of such notice shall be substantially the same as is provided in Exhibit C to the Settlement Agreement.

11. Within ten (10) days of the entry of this Order, Notice shall be provided on a website administered by the Settlement Administrator, mutually agreed upon by the Parties, which shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect. The Notice on the Website shall be substantially in the form of Exhibit D to the Settlement Agreement.

12. Following this Order, Class Counsel may prepare and distribute a press release in a form that has been agreed upon by the parties concurrently with the Settlement Agreement as of the date of execution of the Agreement and each shall act in accordance with Paragraph 4.2(e) the Settlement Agreement concerning the distribution of any press release. Except as required

by law or as permitted by this Paragraph, Plaintiff and Class Counsel shall not issue any other press releases or comment for publication in any media regarding the Settlement and will make no statements of any kind to any third party regarding the Settlement.

13. The Settlement Administrator shall expend an amount not to exceed thirty thousand dollars ($30,000) on promoting the website notice through a rationally targeted on-line campaign designed to reach the Settlement Class.

14. The Court approves the request for the appointment of Rosenthal & Company, LLC as Settlement Administrator.

15. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the entry of Final Judgment.

**Exclusion**

16. Settlement Class Members who wish to exclude themselves from or opt-out of the Settlement Class may do so if, on or before the Objection/Exclusion Deadline of February 15, 2011, such Class Members submit a timely and valid request in the form and in compliance with the exclusion procedures set forth in the Notice and Paragraph 4.5 of the Settlement Agreement. A request to be excluded that does not include all of the information required by the Notice and the Settlement Agreement, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified shall be invalid and the persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

17. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement

Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

18. The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed.

**Objections**

19. Any Settlement Class Member who has not timely opted out of the Settlement Class, may object to: (a) the fairness, reasonableness, or adequacy of the Settlement Agreement and any of its terms; (b) a judgment being entered dismissing the action with prejudice in accordance with the terms of the Settlement Agreement; (c) the attorneys' fees and expenses; or (d) the award to the Class Representative. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

20. To object, a Settlement Class Member must sign and file a written objection with this Court on or before the Objection/Exclusion Deadline of February 15, 2011. To be valid, the objection must include his/her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a member of the Settlement Class and provide the cellular phone number that received the Text Message, and provide a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel. To be valid, the objection must also be filed with the court and sent to Class Counsel at 350 North LaSalle, Suite 1300, Chicago, Illinois 60654 and Defendants' Counsel, Marc Rosenthal, Proskauer Rose LLP, 70 West Madison Street, Suite 3800, Chicago, Illinois 60602 on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

21.     Any member of the Class who fails to timely file a written Objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Settlement Agreement and the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**Further Matters**

22.     Defendant shall comply with, and file proof of compliance with, the notice requirements of the CAFA, in accordance with the provisions of that statute. Notice of compliance shall be submitted to the Court no later than seven (7) days prior to the date of the Final Approval Hearing. The Settlement Administrator is authorized to send out notices required by CAFA. Any costs incurred in sending these CAFA notices shall be considered Settlement Administration Expenses and shall be paid from the Settlement Fund.

23.     The Parties are hereby authorized to establish the means necessary to administer the Settlement in accordance with its terms.

24.     All further proceedings in the action are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25.     Settlement Class Members shall be bound by all determinations and judgments in this action concerning the action and/or Settlement Agreement.

26. In the event the Settlement Agreement is not approved by the Court in accordance with its terms, or for any reason the parties fail to obtain Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, the following shall apply:

(a) All orders and findings entered in connection with this Order or the Settlement Agreement shall be treated as vacated, the Settlement and all negotiations concerning the Settlement shall not be used or referred to in this Action for any purpose whatsoever, and the Parties shall be restored to their respective positions and retain all rights in this Action as if this Order and the Settlement Agreement had not been negotiated, made, or filed with this Court;

(b) The Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, merits of Plaintiffs' claims, or damages recoverable, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose;

(c) Other than as expressly preserved by this Order or the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and

(d) The Parties retain all rights, claims, and defenses in this Action and otherwise.

27. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or

of any wrongdoing, liability, or violation of law by any of the Released Parties or Defendants, who vigorously deny all of the claims and allegations raised in this Action.

28. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Defendants' Counsel without further notice to the Settlement Class Members.

29. All Releasing Parties, including Settlement Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such Settlement Class Members, are preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Defendants or any of the Released Parties that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims as embodied in Paragraph 1.28 of the Settlement Agreement; and (ii) organizing or soliciting Settlement Class Members or those who opt out into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Settlement Class Members or those who opt out, that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims, as embodied in Paragraph 1.28 of the Settlement Agreement.

It is so ordered, this 17 day of November 2010.

Enter:

_____
Honorable Amy J. St. Eve
United States District Court Judge