# Exhibit 1

To Motion for Final Approval: *Class Action Settlement Agreement (with exhibits)*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

VICTOR LOZANO, individually and on
behalf of a class of similarly situated individuals,

    *Plaintiff,*

    v.

TWENTIETH CENTURY FOX FILM CORP.,
a Delaware corporation, TWENTIETH CENTURY
FOX HOME ENTERTAINMENT LLC D/B/A
FOXSTORE.COM, a Delaware limited liability
company,

    *Defendants.*

No. 1:09-cv-06344

Honorable Amy J. St. Eve

### CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Victor Lozano ("Plaintiff"); (ii) the Settlement Class (as defined herein) (the Settlement Class and Lozano are collectively herein referred to as the "Plaintiffs" unless otherwise noted); (iii) Defendants Twentieth Century Fox Film Corp.; and (iv) Twentieth Century Fox Home Entertainment LLC d/b/a FoxStore.com (Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment LLC d/b/a/ FoxStore.com are collectively referred to herein as "Defendants" unless otherwise stated). The Plaintiffs and the Defendants are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.



## RECITALS

A.    Plaintiff alleges that on or about October 1, 2005, a text message was sent on Defendants' behalf to approximately 98,852 cellular telephones across the country. The text message (the "Text Message") stated:

> GEAR UP 4 THE HILARIOUS ANIMATED FILM ROBOTS ON DVD @FOXSTORE.COM. TAKE AN EXTRA $5 OFF THE ALREADY LOW PRICE BY USING COUPON CODE ROBOFOX PWRDBYZINGY

Lozano has averred that he received the Text Message.

B.    On or about September 9, 2009, Plaintiff Victor Lozano brought a putative class action (the "Action") against the Defendants, claiming that the sending of the Text Message was in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The Action was filed in the Circuit Court of Cook County, Illinois. On October 9, 2009, Defendants removed the Action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C § 1331, and it was assigned to the Honorable Amy J. St. Eve. (Dkt. 1.)

C.    On November 18, 2009, Defendants filed a motion to dismiss the Action on various grounds. (Dkt. 14-15.) After complete briefing, the Court issued its opinion denying Defendants' motion in its entirety. (Dkt. 40.)

D.    During the discovery planning conference and meet-and-confer that followed the Court's ruling on the motion to dismiss, the parties agreed to attempt to resolve this matter though private mediation with the Hon. Nicholas Politan (ret.). (*See* Dkt. 45.)

E.    Prior to the mediation, several sets of class- and merits-based discovery were propounded. In addition, certain documents and other information that would be needed to effectively engage in the mediation process were exchanged.



F.      On June 2, 2010, proposed Class Counsel, along with Defendants' Counsel, in-house counsel for Defendants, and counsel for National Union Fire Insurance Company of Pittsburgh, PA, met in New York City for a formal mediation. After several rounds of arms-length negotiations with the assistance of Judge Politan, the parties were unable to reach an agreement. At the end of the daylong mediation, Judge Politan made a mediator's proposal as to the principal terms of this Agreement, which was accepted.

G.      At all times, each of the Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that either or any of them committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action and contend that they have acted properly in all regards in connection with the preparation and dissemination of the Text Message. Defendants also deny: (1) each and all of the claims and contentions alleged by Plaintiff in the Action; (2) all charges of wrongdoing or liability against them or their agents arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiff or the Settlement Class are entitled to any form of damages based on the conduct alleged in the Action. In addition, Defendants maintain that they have meritorious defenses to the claim alleged in the Action and were prepared to vigorously defend all aspects of the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of

- 3 -



Defendants, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

H.    Plaintiff Lozano believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Defendants through class certification, trial, and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

I.    The Parties agree that the Action was resolved in good faith, following arms' length bargaining presided over by a retired federal judge and highly experienced mediator, and that the settlement reflected herein confers substantial benefits upon the Parties, and each of them.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Lozano, the Settlement Class, and each of them, and Defendants, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released

- 4 -



Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1. **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Settlement Class Member; and (c) is signed by the Settlement Class Member, physically or electronically, subject to the penalties of perjury.

1.2     **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a Settlement Benefit, shall be available in paper and electronic format.

1.3     **"Claims"** means any and all claims arising out of or relating to the Text Message received or allegedly received by any Settlement Class Member and all claims that were brought or could have been brought in the Action relating to the Text Message.

1.4     **"Class Counsel"** means Jay Edelson, Myles McGuire, Michael J. McMorrow, and Ryan D. Andrews of Edelson McGuire, LLC.

1.5     **"Class Representative"** means the named Plaintiff in this Action, Victor Lozano.

- 5 -



1.6 **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the Order for Notice and Hearing and in the Final Judgment as well as in the Notice and the Claim Form.

1.7 **"Court"** means the United States District Court for the Northern District of Illinois, Judge St. Eve, or any judge who shall succeed her as the Judge in this Action, presiding.

1.8 **"Defendants"** means Defendants Twentieth Century Fox Film Corp., a Delaware Corporation, and Twentieth Century Fox Home Entertainment LLC d/b/a FoxStore.com, a Delaware Limited Liability Company.

1.9 **"Defendants' Counsel"** means Marc Rosenthal and Catherine Spector of Proskauer Rose LLP.

1.10 **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.11 **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.12 **"Final"** means one business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all

- 6 -



proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

1.13 **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and the incentive awards to the Class Representative.

1.14 **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Settlement after the Final Approval Hearing.

1.15 **"Insurer"** means the National Union Fire Insurance Company of Pittsburgh, PA.

1.16 **"Mediator"** means Honorable Nicholas Politan (ret.).

1.17 **"Nationwide"** means the fifty states in the United States of America and its territories.

1.18 **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, and is substantially in the form of Exhibits B, C, and D hereto.

1.19 **"Notice Date"** means the date by which the Notice Plan set forth in Paragraph 4.2 is complete, which shall be a date no later than forty-five (45) days after entry of the Preliminary Approval Order.

1.20 **"Notice Plan"** means the proposed plan of disseminating notice to members of the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing.

1.21 **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement

- 7 -



Class must be postmarked, which shall be designated as a date no later than forty-five (45) days after the Notice Date.

1.22    **"Parties"** or **"Settling Parties"** means Plaintiff Victor Lozano, the Settlement Class, and Defendants Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment LLC d/b/a FoxStore.com.

1.23    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.24    **"Plaintiff"** means Victor Lozano.

1.25    **"Plaintiffs"** means Victor Lozano and the Settlement Class Members, collectively.

1.26    **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement Agreement, and approval of the form of the Notice and of the Notice Plan.

1.27    **"Preliminary Approval Order"** means the proposed order preliminarily approving the Agreement and directing notice thereof to the Settlement Class, to be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

1.28    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations

- 8 -



(including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of the Text Message to the Settlement Class or that were or could have been alleged or asserted in the Action relating to such Text Message, belonging to any and all Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities.

1.29 **"Released Parties"** means Defendants Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment LLC d/b/a FoxStore.com, as well as ipsh!net, Inc. ("ipsh!") and any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which any of the Defendants or ipsh! has a controlling

- 9 -



interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities.

1.30 **"Releasing Parties"** means Plaintiff; those Settlement Class Members who do not opt out of the Settlement Class (whether or not such members submit claims); to the extent the Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

1.31 **"Remaining Funds"** means the amount of the Settlement Fund remaining after the payments of Approved Claims to the Settlement Class Members, Settlement Administration Expenses, incentive award to Class Representative, fees of the Special Master, and the Fee Award. Pursuant to 735 ILCS 5/2-807, the Parties agree that any sums remaining in the Settlement Fund after payment of the items referred to in the first sentence of this Paragraph, together with any interest earned thereon, shall revert to Defendants or the Insurer in a proportionate amount to which each has contributed to the Settlement Fund. Defendants shall be liable for any tax consequences resulting from any such accrued interest.

1.32 **"Settlement Agreement" or "Agreement"** means the settlement contemplated by this Settlement Agreement.

1.33 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice to and processing claims by the Settlement Class,

- 10 -



as well as any costs incurred in sending the CAFA notices described in Paragraph 4.2(h) below, with such expenses to be paid from the Settlement Fund.

    1.34    **"Settlement Administrator"** means the firm of Rosenthal & Company, LLC, selected by the Parties and approved by the Court to oversee the distribution of Notice as well as the processing and payment of claims to the Settlement Class as set forth in this Settlement Agreement.

    1.35    **"Settlement Benefit"** means the benefits a Settlement Class Member may receive pursuant to this Settlement Agreement.

    1.36    **"Settlement Class"** means all Persons Nationwide who in September or October 2005 were sent the Text Message.

    1.37    **"Settlement Class Member"** or **"Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

    1.38    **"Settlement Fund"** means a cash settlement fund that shall be established by the Defendants up to the maximum amount of sixteen million dollars ($16,000,000), to be initially funded by Defendants or by the Insurer at the direction of Defendants within fourteen (14) days after the entry of the Preliminary Approval order in an amount of five million two hundred thousand dollars ($5,200,000), and thereafter to be replenished by Defendants or by the Insurer at the direction of Defendants in increments of at least one million dollars ($1,000,000) any time the Settlement Fund shall fall to a balance of or below one million dollars ($1,000,000) upon twenty-eight (28) days advance notice to Defendants and the Insurer by the Settlement Administrator. From this Settlement Fund, Defendants shall pay all Approved Claims, Settlement Administration Expenses, fees of the Special Master, incentive award to the Class

- 11 -



Representative, and the Fee Award. The Settlement Fund shall be kept in an interest-bearing escrow account of Defendants' or Insurer's choosing until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in it. Defendants shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the limit and extent of Defendants' monetary obligations under this Agreement. In no event shall Defendants' total financial liability with respect to this Settlement exceed sixteen million dollars ($16,000,000) plus the interest earned on the Settlement Fund.

1.39 **"Special Master"** means the Honorable Nicholas Politan (ret.) or such other independent neutral as agreed upon by the Parties, should Judge Politan be unavailable.

1.40 **"Unknown Claims"** means claims that could have been raised in the Action and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.



Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2. **SETTLEMENT RELIEF**

    2.1   **Payments.**

        (a)   Class Members shall have until the Claims Deadline to submit an Approved Claim. Defendants agree to pay or cause to be paid from the Settlement Fund the sum of two hundred dollars ($200), subject to possible *pro rata* reduction as follows, to each Settlement Class Member who files an Approved Claim. If the total amount required to pay two hundred dollars ($200) for each Approved Claim would exceed the amount in the Settlement Fund after payment of Settlement Administration Expenses, the Fee Award, and the incentive award to the Class Representative, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* share of the amount of the Settlement Fund remaining after payment of such amounts.

        (b)   The Remaining Funds are the property of the Insurer unless actually paid by the Defendants. In no event will the Remaining Funds constitute abandoned or unclaimed



property, and the Insurer or the Defendants, as the case may be, are entitled to all such Remaining Funds.

(c)     Within sixty (60) days after the Effective Date has occurred, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check and mail them to the claimants via first-class mail, unless challenged pursuant to Paragraph 5.3 below.

(d)     All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall revert to the Settlement Fund.

(e)     Within one hundred eighty (180) days after the Effective Date has occurred, the Settlement Administrator shall pay to the Insurer, unless otherwise notified beforehand all remaining monies in the Settlement Fund, and in the event the Settlement Administrator should fail to do so then Class Counsel agrees to provide the Insurer and Defendants such reasonable and necessary assistance and cooperation as may be required to have the Settlement Administrator do so without any cost to the Insurer or Defendants. In the event there should be any monies remaining in or returned to the Settlement Fund more than one hundred eighty (180) days after the Effective Date then the Settlement Administrator shall repay such funds to the Insurer unless otherwise notified by the Defendants. Notice shall be provided to Defendants' Counsel of the amount of remaining monies returned to the Insurer.



3.   **RELEASES**

3.1   The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2   Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, and each of them.

4.   **NOTICE TO THE CLASS**

4.1   Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice describing the Final Approval Hearing and the terms of the Settlement embodied in this Settlement Agreement and the Claim Form to be disseminated to potential Settlement Class Members as provided herein.  Such notice shall comport with due process and be effectuated pursuant to a Notice Plan, the costs of which shall be Settlement Administration Expenses.

4.2   The Notice Plan shall include:

(a)   *Class List.*  Within no later than five (5) business days after the execution of this Settlement Agreement, Defendants shall produce to the Settlement Administrator and Class Counsel a list of telephone numbers that includes all of the numbers to which the Text Message was sent, in both hard copy and electronic form (the "Class List"), which list is intended by the Parties to identify those persons or entities comprising the Settlement Class that are covered by this Agreement.  Defendants warrant and represent that they have no U.S. mailing addresses and/or email addresses in their possession, custody, or control for the persons to whom the Text Message was sent.

- 15 -



(b)     *Confidentiality of the Class List.* The Settlement Administrator and Class Counsel shall keep the Class List and all personal information obtained there from, including the identity, telephone numbers, email addresses, and U.S. mailing addresses, for the persons to whom the Text Message was sent strictly confidential. The Parties agree that the Class List may not be used for any purpose other than effectuating the terms of this Agreement or duties arising there under, including the provision of Class Notice in the manner set forth in this paragraph.

(c)     *Direct Notice by Mail.* The Settlement Administrator shall employ commercially reasonable services to compile a list of U.S. mailing addresses for the Settlement Class based on the information that is obtained pursuant to this Paragraph. The Settlement Administrator shall then send Notice substantially in the form attached as Exhibit B, and an accompanying Claim Form to each address by First Class U.S. Mail obtained no later than forty-five (45) days after the entry of the Preliminary Approval Order or on such other date determined by the Court.

(d)     *Publication.* Publication Notice shall be made by purchasing a one-day 1/8th page ad space in the Miami Herald, the New York Daily News, the Los Angeles Times, the Chicago Sun Times, the Philadelphia Inquirer, the Dallas Morning News, the Houston Chronicle, the Fort Worth Star Telegram, the Washington Post, the Atlanta Journal-Constitution, the Boston Globe, USA TODAY, and a 1/2 page ad in Entertainment Weekly, to be published within forty-five (45) days of entry of the Preliminary Approval Order. The text of such notice shall be substantially the same as is provided in Exhibit C.

(e)     *Press release.* In the event the Plaintiff or Class Counsel decides to issue a press release in connection with the Action or its Settlement, that party shall issue the press release in the form agreed upon by the parties concurrently with this Settlement Agreement as of

- 16 -



the date of execution of this Agreement (the "Press Release"). Except as required by law or as permitted by this Paragraph, Plaintiff and Class Counsel shall not issue any press releases or comment for publication in any media regarding the Settlement and will make no statements of any kind to any third party regarding the Settlement. If Plaintiff or Class counsel receive any inquiry from any third party regarding the Settlement, they shall merely direct that third party to the Press Release and/or the Internet Publication Notice and provide no further information or comment. Nothing herein shall be deemed to preclude Class Counsel from advising specific Class Members of their rights or otherwise fulfilling their fiduciaries obligation.

In the event either of the Defendants or Defendant's Counsel decides to issue a press release in connection with the Action or its Settlement, that party shall first submit a proposed copy to Plaintiff's Counsel for approval, which approval shall not be unreasonably withheld.

(f)  *Internet Publication Notice.* Within ten (10) days following the entry of the Preliminary Approval Order, Notice shall be provided on a website at www.LozanoTextSettlement.com, which shall be administered by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect. The Notice on the Website shall be substantially in the form of Exhibit D hereto.

(g)  *Targeted Internet Advertising.* The Claims Administrator shall expend an amount not to exceed thirty thousand dollars ($30,000) on promoting the website notice through a rationally targeted on-line campaign designed to reach the Settlement Class.

(h)  *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Defendants shall serve upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government



officials, notice of the proposed settlement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of all scheduled judicial hearings in the Action; (3) all proposed forms of Notice to the Settlement Class; and (4) a copy of this Agreement. To the extent known, the Defendants shall serve upon the above-referenced government official the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement.

4.3     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court and (b) send copies of such papers via mail, hand or overnight delivery service to both Class Counsel and Defendants' Counsel.

4.4     Any member of the Settlement Class who intends to object to this Settlement Agreement must include his/her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a member of the Settlement Class and provide the cellular phone number that received the Text Message, and provide a statement whether the objector intends to appear at the Final Approval



Hearing with or without counsel. Any member of the Class who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be valid, the objection must be filed and sent to Class Counsel and Defendants' Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

4.5     A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular telephone number on which the Text Message was allegedly received, a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified shall be invalid and the persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement;

- 19 -



(iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

5.     **SETTLEMENT ADMINISTRATION**

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to members of the Settlement Class on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

a.     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement Agreement, and all copies therefore, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

- 20 -



b.     Receive exclusion forms and other requests from Class Members to exclude themselves from the Settlement Agreement and promptly provide to Class Counsel and Defendants' Counsel a copy thereof upon receipt. If the Settlement Administrator receives any exclusion forms or other requests from Class Members after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

c.     Provide weekly reports to Class Counsel and Defendants' Counsel, and the Insurer as provided in the contract to be entered into by Defendants with the Settlement Administrator, including without limitation, reports regarding the number of Claim Forms received and the amount of benefits sought, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator.

d.     Make available for inspection by Class Counsel or Defendants' Counsel the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

e.     Provide written notice to Defendants and the Insurer immediately at any time the amount in the Settlement Fund is less than one million dollars ($1,000,000).

5.2     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud, including by cross-referencing the 2005 telephone number provided on the Claim Form against the Class List, and shall reject a Claim Form, or any part of a claim for a payment reflected therein, where the telephone numbers provided on the Claim Form do not appear on the Class List or where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all requested

- 21 -



information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity to provide any requested missing information.

5.3     Both Defendants' Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Class Members. The Settlement Administrator shall follow any agreed decisions of the Defendants' Counsel and Class Counsel. To the extent Defendants' Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Special Master shall timely decide such challenge. The Parties agree that the Settlement Administrator shall thereafter follow the decision of the Special Master resulting from any such challenge.

5.4     In the exercise of their duties outlined in this Agreement, both the Settlement Administrator and the Special Master shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.5     The Final Approval Hearing shall be ninety (90) days after the Notice described in Paragraph 4.2(f) is provided or such other time as the Court shall set.

5.6     Any Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Class or timely file a Claim Form will not be entitled to receive any cash award or any other benefits pursuant to this Settlement Agreement, but will otherwise be bound together with all Class Members by all of the terms of this Settlement Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

5.7     Class Counsel and Defendants' Counsel each agree to keep all information about the settlement administration process—including without limitation all information received



pursuant to Paragraph 5 of this Agreement, such as claims reports, information concerning opt-outs, and the Class List—confidential and may use it only for purposes of effectuating this Agreement.

## 6. TERMINATION OF SETTLEMENT

6.1    Subject to Paragraph 9 below, the named Plaintiff, on behalf of the Settlement Class, or Defendants, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within ten (10) days, of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2    If prior to the Final Approval Hearing, any Persons who otherwise would be Settlement Class Members have timely requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and the number of such Persons seeking exclusion exceeds one hundred and fifty (150), Defendants shall have, in their sole and absolute discretion, the option to terminate this Settlement Agreement. Defendants may terminate the Settlement Agreement by serving written notice of termination on the Court and Class Counsel by hand delivery or overnight courier within ten (10) business days after being informed in writing by the Settlement Administrator that there are one hundred and fifty (150) or more such requests for exclusion timely filed.



7.   **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

7.1     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of a class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form Exhibits B, C, and D hereto.

7.2     At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendants' Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.3     After Notice is given, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

(b)     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained

- 24 -



by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors and administrators, successors and assigns;

(c) find that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement (1) constitute the best practicable notice under the circumstances, (2) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing, (3) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d) find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e) dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(f) incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(g) permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on or arising out of the sending or receipt of the Text Message;

(h) authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its



implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in all material respects with the Final Judgment, or (b) do not limit the rights of Settlement Class Members;

        (i)    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

        (j)    incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

8.1    Subject to the Court's approval, the Parties have agreed that Defendants shall pay to Class Counsel the sum of three million seven hundred fifty thousand dollars ($3,750,000) for attorneys' fees and expenses in this Action. Class Counsel shall, within three (3) business days after the Effective Date, be paid from the Settlement Fund the amount of attorneys' fees and expenses approved by the Court. Defendants will not object to, or otherwise challenge, Class Counsel's application for attorneys' fees and for reimbursement of costs and other expenses if Class Counsel's application does not exceed said amount. Class Counsel has, in turn, agreed not to seek more than this amount from the Court. Any payment of attorneys' fees and expenses shall be paid via electronic transfer to an account designated by Class Counsel providing necessary information for electronic transfer. Class Counsel agrees that in no event shall Defendants pay or be obligated to pay in excess of $3,750,000 for Class Counsel attorneys' fees and expenses.

8.2    Class Counsel agrees that: (a) upon Defendants' compliance with the terms and conditions of this Settlement Agreement, Defendants will forever and finally have satisfied all of



their obligations to Class Counsel concerning payment of attorneys' fees and costs in the Action, and the Released Parties will forever and finally be absolved, released and discharged of any liability whatsoever to Class Counsel concerning attorneys' fees and costs in the Action; (b) under no circumstances will Class Counsel sue the Released Parties because of, relating to, concerning, or as a result of any payment of attorneys' fees and costs made in accordance with this Settlement Agreement; (c) under no circumstances will the Released Parties be liable to Class Counsel for, because of, relating to, concerning or as a result of any payment of attorneys' fees and costs made in accordance with this Agreement; and (d) Class Counsel releases the Released Parties from any and all claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Settlement Agreement.

8.3     In addition to any award to which he may be entitled under the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Class Representative shall, subject to the approval of the Court, be awarded an incentive award in the amount of fifteen thousand dollars ($15,000). Defendants agree that they shall not oppose such award, directly or indirectly. This sum shall be paid to in recognition of the Plaintiff's time and effort serving as the Class Representatives in this litigation. Defendants shall pay said amounts via check from the Settlement Fund to the Class Representative, such checks to be sent care of Class Counsel, within three (3) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within three (3) business days after the Effective Date.



9. **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1 The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date ten (10) days after which the last (in time) of the following events occurs:

(a) This Agreement has been signed by Class Counsel and Defendants' Counsel;

(b) The Court has entered the Preliminary Approval Order;

(c) The Court has entered an order finally approving the Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

(d) The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2 If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything herein, the Parties agree that the

- 28 -



Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Paragraph 8.1 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

10.     **MISCELLANEOUS PROVISIONS**

10.1     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to



assert in any forum that the Action was brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

10.3    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.4    Whether or not the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by

- 30 -



Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. However, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)    is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or



without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.6    The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.7    All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.8    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.9    Except as otherwise provided herein, each Party shall bear its own costs.

10.10  Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that he is fully entitled to release the same.

10.11  Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take

- 32 -



appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.12   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.13   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

10.14   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.15   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

10.16   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.17   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Jay Edelson, Edelson McGuire, LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; and Marc Rosenthal, Proskauer Rose LLP, 70 West Madison, Suite 3800, Chicago, IL 60602. Where this Settlement Agreement requires notice to the Insurer, such notice shall be sent to Jeremy Gittler, Chartis, 175 Water Street, 8th Floor, New



York, NY 10038; with a copy to David S. Sheiffer of Wilson Elser Moskowitz Edelman & Dicker LLP, 150 East 42nd Street, New York, NY 10017.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE FOLLOWS.]

- 34 -

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

Dated: November _16_, 2010

Jay Edelson
*jedelson@edelson.com*
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*One of Plaintiff's Attorneys*

Marc E. Rosenthal
*mrosenthal@proskauer.com*
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*One of Defendants' Attorneys*

- 35 -



# Exhibit A

## LOZANO v. TWENTIETH CENTURY FOX FILM CORP. ET AL CLAIM FORM

Return this Claim Form to: Settlement Administrator, [address]. Questions, visit www.LozanoTextSettlement.com or call [toll free number]

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you were sent a text message in September or October of 2005 advertising the DVD release of the Twentieth Century Fox animated motion picture *Robots*, you may be entitled to a $200 settlement payment or a lesser pro rata share in this lawsuit against Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment LLC d/b/a FoxStore.com (together, "Twentieth Century Fox"), if it is finally approved by the Court. If the settlement is approved, each class member, whether or not he or she submits a claim, will release Twentieth Century Fox, other entities involved in transmitting the message, and all their officers, agents, employees, and those working with them, from any and all claims as a result of the sending or delivery of the text message that is the subject of this litigation. Visit www.[website].com for complete information.

---

### YOUR CONTACT INFORMATION

Name: _____
       *(First)*                              *(Middle)*              *(Last)*

Address: _____
          *(Street)*

_____
*(City)*                              *(State)*        *(Zip Code)*

**2005 Cell Phone Number:** ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___
(This must be the number that received the *Robots* text message and will be checked against a list of numbers that received the text message at issue.)

**Email Address :** _____

**Contact Phone Number:** ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___
(Please provide a phone number where you can be reached if further information is required.)

---

### Class Member Verification

By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (check each box that applies):

☐ That I received a text message relating to the animated motion picture *Robots* in September or October of 2005.

☐ That, prior to receiving the text message relating to the animated motion picture *Robots* in September or October of 2005, I did not expressly consent to the sending of that text message and did not request that the advertisement be sent.

☐ That all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct. The Claims Administrator may audit any and all claims. Persons knowingly making false claims may be subject to civil or criminal penalties.

---

Signature: _____          Date: _____

Print Name: _____

Your claim will be submitted to the Settlement Administrator for review, if accepted you will be mailed a check for $200 or a lesser pro rata share. This process takes time, please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. FILE ONLINE AT: www.LozanoTextSettlement.com OR MAIL THIS CLAIM FORM TO: Claims Administrator, [Address]. If you have questions, you may call Class Counsel at 1-866-354-3015.**

# Exhibit B

**IF YOU RECEIVED A TEXT MESSAGE ADVERTISING THE DVD RELEASE OF THE MOTION PICTURE *ROBOTS* IN SEPTEMBER OR OCTOBER 2005, PLEASE READ THIS NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $200 PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*Para una notificacion en Espanol, visitar www.lozanotextsettlement.com*

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A proposed class action settlement has been reached in a lawsuit over allegedly unsolicited text messages advertising the DVD release of the Twentieth Century Fox motion picture *Robots* being sent to consumers' cell phones.

Your legal rights may be affected whether you act or don't act. Please read this notice carefully. Visit www.lozanotextsettlement.com to read the full notion, the settlement agreement, and make a claim.

### What is the Lawsuit About?
This lawsuit claims that unsolicited text messages advertising the DVD release of the animated motion picture *Robots* were sent on behalf of Twentieth Century Fox and FoxStore.com. The Plaintiff, Victor Lozano, alleges that Defendants' conduct in sending those text messages violated the federal Telephone Consumer Protection Act and seeks to represent a group or "class" of persons who received such text messages.

The Defendants deny they violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation. Twentieth Century Fox and FoxStore.com will vigorously defend the lawsuit if the proposed settlement is not approved.

### How Do I Know if I am a Class Member?
You are a class member and could get a cash settlement payment if you are a person who received such an unsolicited text message advertising the Twentieth Century Fox motion picture *Robots* in September or October of 2005.

### What Can I Get From the Settlement?
If you are a Class Member, and the Court approves the Settlement, you may be entitled to receive a $200 payment, or a lesser *pro rata* amount if the expenses, fees, incentive award, and claims exceed the $16 million Settlement Fund created by the Defendants. The Settlement Agreement available at www. lozanotextsettlement.com describes the details of the settlement. Only Class Members who submit valid claims and meet the requirements of the Settlement Agreement will receive a payment.

### How Do I Submit a Claim for Payment?
To qualify for a $200 payment, you must submit a timely, truthful, accurate, and properly completed Claim Form signed under penalty of perjury. You may submit the Claim Form online at www. lozanotextsettlement.com no later than **[Claims Deadline]** by following the instructions found with the link, or you may mail a completed claim form **postmarked no later than [Claims Deadline]** to the settlement administrator, Rosenthal & Company, 75 Rowland Way, Suite 250, Novato, California 94945. Only those claims that meet the requirements of the Settlement Agreement will be eligible for a payment.

### What are My Other Options?
You will be a member of the Settlement Class unless you exclude yourself from the settlement. If you do not wish to be a member of the Settlement Class, you may exclude yourself by sending a valid request for exclusion to the Claims Administrator by prepaid first class U.S. mail, and it must be postmarked no later than **[Objection/Exclusion Deadline].** Be sure to include your name address, the cellular telephone number on which the text message was allegedly received, your signature, and a statement that you wish to be excluded from the Settlement Class in Lozano v. Twentieth Century Fox Film Corp., Case No. 09-cv-06344. If you choose to exclude yourself, you give up your right to any settlement

payment or to object to the settlement, but retain any rights you may currently have to sue the defendants over the legal issues in the lawsuit.

You and/or your lawyer have the right to appear before the Court and object to the proposed settlement. Objecting is telling the Court you don't like something about the settlement. You can object ONLY if you stay in the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you. Your written objection must be filed with the Court referencing Case No. 09-cv-06355 and sent by prepaid first class U.S. mail to the attorneys for all parties to the lawsuit and postmarked no later than **[Objection/Exclusion Deadline].** Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www. lozanotextsettlement.com.

If you do nothing you will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. However, you need to submit timely submit a valid claim form to make a claim for a payment. If approved, your claim relating to the allegedly unauthorized text messages that are the subject of this case against Twentieth Century Fox and FoxStore.com, as well as other entities involved in the transmission of the message, will be fully and finally resolved and released.

### Who Represents Me?
The Court has appointed the following team of lawyers that brought the suit to represent the class: Jay Edelson, Myles, McGuire, Michael J. McMorrow and Ryan D. Andrews of Edelson McGuire LLC. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

At the hearing to determine the fairness of the settlement, Class Counsel will ask the Court for attorneys' fees and expenses of $3.75 million from the Settlement Fund for investigating the facts, litigating the case, and negotiating the settlement. The Court has also appointed the plaintiff as the Class Representative and the Defendants have agreed to pay him an incentive awarded of $15,000 from the Settlement Fund for his services in helping to bring and settle this case. The Court may award less than these amounts.

### When will the Court Consider the Proposed Settlement?
The Court will hold the Final Approval Hearing to determine the fairness of the settlement at **[time]** on **[date]** at the Everett McKinley Dirksen U.S. Courthouse, Room 1241, 219 S. Dearborn St., Chicago, IL 60604 before Judge Amy J. St. Eve. At that hearing, the Court will hear any objections concerning the fairness of the settlement that have been properly raised, as set forth above. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

### How Do I Get More Information?
This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www. lozanotextsettlement.com, contact the Settlement Administrator at [toll free #] or 75 Rowland Way, Suite 250, Novato, California 94945, or call Class Counsel at 1-866-354-3015.

By Order of the Court Dated: [Date]

# Exhibit C

**IF YOU RECEIVED A TEXT MESSAGE ADVERTISING THE DVD RELEASE OF THE
MOTION PICTURE *ROBOTS* IN SEPTEMBER OR OCTOBER 2005, PLEASE READ THIS
NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $200 PAYMENT FROM A
CLASS ACTION SETTLEMENT**

*Para una notificacion en Espanol, visitar www.LozanoTextSettlement.com*

A proposed class action settlement has been reached in a lawsuit against Twentieth Century Fox and FoxStore.com over allegedly unsolicited text messages advertising the DVD release of the motion picture *Robots* being sent to consumer's cell phones. For complete information, visit www.lozanotextsettlement.com. **The sole purpose of this notice is to inform you of the settlement so that you can decide what to do about it.**

Plaintiff alleges that Defendants' conduct violated the Telephone Consumer Protection Act and seeks to represent a group or "class" of persons who received such text messages. Defendants deny they violated any law, but the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

The settlement provides a $16 million Settlement Fund to pay the claim of class members who qualify, which includes $3.75 million in costs and attorney's fees. If you qualify, you may be entitled to receive a $200 payment, or a lesser *pro rata* amount if the expenses, fees, incentive award, and claims exceed the Settlement Fund created by the Defendants. The Court has also appointed Victor Lozano as Class Representative who will receive $15,000 for his services. The Settlement Agreement available at www.LozanoTextSettlement.com describes the details of the settlement.

To qualify for a $200 payment, you must submit a timely, truthful, accurate and properly completed Claim Form signed under penalty of perjury. You may submit the Claim Form online at www.LozanoTextSettlement.com no later than [Claims Deadline]. You may also choose to exclude yourself from the settlement or object to the settlement. Complete information can be found at www.LozanoTextSettlement.com.

<u>**Summary Of Your Legal Rights And Options In The Settlement**</u>

| You May: | | Due Date: |
|---|---|---|
| SUBMIT A CLAIM FORM at www.LozanoTextSettlement.com | The only way to get a payment. Give up your right to be part of any other lawsuits involving claims associated with this case. | Either the on-line claim form must be submitted or the paper claim form must be postmarked and sent to the Settlement Administrator by **[insert date]** or your claim will be rejected. |
| EXCLUDE YOURSELF | Get no payment. Keep any right you may have to pursue claims associated with this case. | Your exclusion request must be in writing and *postmarked* to the Settlement Administrator no later than **[insert date].** |
| OBJECT | Write to the Court about the reasons that you're against the settlement. Must not have excluded yourself from Settlement Class. | Your Objection must be in writing and filed with the Court by **[insert date].** Postmark and send objection to attorneys for all parties to the lawsuit no later than **[insert date].** |
| DO NOTHING | Get no payment. Give up any right you may have to pursue claims associated with this case. | |

For complete information about your options, the settlement, related Court documents, and claim forms, please visit www.LozanoTextSettlement.com or call the Settlement Administrator at [toll fee number]. You may also contact the attorneys for the class: Jay Edelson, Myles McGuire, Michael J. McMorrow, and Ryan D. Andrews of Edelson McGuire, LLC through www.edelson.com or calling 1-866-354-3015.

# Exhibit D

### *LOZANO v. TWENTIETH CENTURY FOX FILM CORP. & FOXSTORE.COM*
Case No. 1:09-cv-06344 (N.D. Ill.)
www.LozanoTextSettlement.com

---

>> **Click Here to Make a Claim Online**<<

>>**Click Here to Download a Paper Claim Form**<<
**(You must submit a claim form by [claims deadline])**

---

### IF YOU RECEIVED A TEXT MESSAGE ADVERTISING THE DVD RELEASE OF THE MOTION PICTURE *ROBOTS* IN SEPTEMBER OR OCTOBER 2005, PLEASE READ THIS NOTICE CAREFULLY AS YOU MAY BE ENTITLED TO A $200 PAYMENT FROM A CLASS ACTION SETTLEMENT.

**IMPORTANT.** PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE SETTLEMENT OR TO OBJECT TO THE SETTLEMENT.

*A federal court authorized this Notice and it is posted on the Web by Court order.*

A proposed class action settlement (the "Settlement") has been reached in this case. You may be a member of the Settlement Class and could get a $200.00 settlement cash payment, or a lesser *pro rata* amount, if you are a person in the United States or its Territories who received an unsolicited text message advertising the DVD release of the Twentieth Century Fox motion picture *Robots* in September or October of 2005. If you are a Settlement Class Member and the Court gives final approval to the Settlement Agreement:

• You may be entitled to receive a settlement payment of $200 or your lesser *pro rata* share of the remainder of the Settlement Fund (your "Settlement Payment") in the form of a check.

• You will be giving up the right to bring certain legal claims in the future, as discussed more fully below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class and would like to receive your Settlement Payment, you must submit a Claim Form, either through the mail or by clicking >>here<<. You will be giving up legal claims against Defendants and other entities associated with sending you the text messages at issue. **Your electronic claim must be submitted to the settlement administrator, or your paper claim must be postmarked, no later than [Claims Deadline]. A paper Claim Form can be downloaded by clicking >>here<<.** Only Class Members who submit valid claims and meet the requirements of the Settlement Agreement will receive a Settlement Payment. |
| **DO NOTHING** | If you do nothing, you will not receive any Settlement Payment from the Settlement. You will, however, still be giving up legal claims against Defendants and other entities associated with sending you the text messages at issue. You will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up any rights you currently possess to sue Defendants or other entities associated with allegedly sending you the text messages at issue. |
| **OBJECT** | Write to the Court about why you don't like the Settlement and do not want it to be approved. |
| **GO TO A HEARING** | Appear in Court and ask to speak about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. Settlement Payments will only be made if the Court gives final approval to the Settlement, and if there are any appeals, after the appeals are resolved. Please be patient.

**BASIC INFORMATION**

### 1. What is this lawsuit about?

This lawsuit claims that unsolicited text messages advertising the DVD release of animated motion picture *Robots* were sent on behalf of Twentieth Century Fox and/or FoxStore.com to consumers' cellular phones. The lawsuit alleges that Defendants' conduct violated the Telephone Consumer Protection Act, a federal statute that provides for $500 in damages. Plaintiff seeks to represent a group or "class" of persons who received such text messages.

The Defendants deny they violated any law, and the Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 2. Why is this a class action?

In a class action, one or more people called class representatives (in this case, Victor

Lozano) sue on behalf of a group or a "class" of people who have similar claims. Here, Mr. Lozano and the proposed class each allegedly received an unsolicited text message advertising the DVD release of the animated motion picture *Robots*. After the parties reached an agreement to settle the case, the Court recognized and approved this as a case that should be treated as a class action for settlement purposes.

### 3. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendants should win this case. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will get compensation now rather than, if at all, years from now.

### 4. How do I know if I am part of the Settlement?

As described above, the Court decided that everyone who fits this description is a member of the Settlement Class:

> All Persons Nationwide who in September or October 2005 were sent a text message that stated: GEAR UP 4 THE HILARIOUS ANIMATED FILM ROBOTS ON DVD @FOXSTORE.COM. TAKE AN EXTRA $5 OFF THE ALREADY LOW PRICE BY USING COUPON CODE ROBOFOX PWRDBYZINGY

If you believe you are a member of the Settlement Class, you may file a claim form online by clicking **here.**

### 5. What can I get from the Settlement?

Defendants have created a settlement fund of $16 million (the "Settlement Fund"). If you are a Settlement Class Member, and the Court gives final approval to the Settlement, you may be entitled to receive $200.00 from the Settlement Fund in the form of a check, unless the expenses, fees, and the number of valid claims requires that you receive a lesser *pro rata* share of the Settlement Fund.

### 6. When will I receive these benefits?

You should receive a check from the settlement administrator within 60-90 days after the Settlement has been finally approved and/or after or any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

### 7. I want to be part of the Settlement and receive these benefits. What do I do?

You must submit a timely, truthful, accurate and properly completed Claim Form. If you do not do so, you will not receive any Settlement Payment. You may obtain a Claim Form by clicking **here**. You may either submit the Claim Form online by following the instructions found with the link so that it is submitted to the settlement administrator by [Claims Deadline], or you may print out the Claim Form, fill it out completely and mail it in if postmarked no later than [Claims Deadline.]

You may submit your claim online by clicking **here.** If you submit your claim online, it must be submitted to the settlement administrator no later than [Claims Deadline].

We highly encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

If you choose to mail your Claim Form to the settlement administrator, you must send it to the following address:

Rosenthal & Company
75 Rowland Way, Suite 250,
Novato, California 94945

In the event you submit a paper claim, please mail your Claim Form only to the address above.

### 8. What am I giving up to receive these benefits?

Unless you exclude yourself (a process that is explained in answer to Question Number 9 below), you are staying in the class and agreeing to the Settlement. Generally, that means that you cannot sue, continue to sue, or be part of a future suit involving the claims raised in this case about the receipt of unsolicited text messages advertising the DVD release of the animated motion picture *Robots*. In other words, you are agreeing to "release" your claims. Unless you exclude yourself, you are "releasing" the claims, regardless of whether you submit a claim or not.

The exact release contained in the parties' Settlement is much more detailed, and you may want or need to consider it before making your decision about participating in the Settlement. You can see a complete copy of the Class Action Settlement Agreement by clicking **here.**

**Excluding Yourself from the Settlement**

If you don't want to receive the benefits from the Settlement, but prefer instead to keep any right to sue that you may have, or if you want to continue to sue Defendants on your own over the claims in this case, then you must take steps to get out. This is called excluding yourself.

### 9. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that **you want to be excluded** from the settlement in *Lozano v. Twentieth Century Fox Film Corp., et al.* (09-cv-06344) (N.D. Ill.). Your letter or request for exclusion must also include your name, your address, and your signature. You must mail your 2005 cell phone number and your exclusion request no later than [Objection/Exclusion Deadline] to

Rosenthal & Company
75 Rowland Way, Suite 250,
Novato, California 94945

Again, in order to be valid, any request for exclusion must be sent to the above address by prepaid first class U.S. mail, and it must be postmarked no later than

4

[Objection/Exclusion Deadline].

### 10. If I exclude myself, do I still receive benefits from this Settlement?

No, you will not receive anything resulting from the settlement of this case. But you will retain the rights you currently have to sue Defendants over the claims raised in this case, either on your own or as part of a different lawsuit. The amount of time the law gives you to sue over such claims (that is, the "statute of limitation") may or may not have been extended because of this case; however, they will not be extended any further for you once you exclude yourself. If you want your own attorney to represent you in an individual case, the terms of such representation are a matter for you and your attorney to negotiate.

### The Lawyers Representing You

### 11. Do I have a lawyer in this case?

The Court has appointed Jay Edelson, Myles McGuire, Michael J. McMorrow and Ryan D. Andrews of Edelson McGuire, LLC to be the attorneys representing the class. They are called the "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement is fair, reasonable, and in the best interests of the class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 12. How will the lawyers and the class representative be paid?

Subject to Court approval, Defendants have agreed to pay Class Counsel the sum of $3.75 million for attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the settlement in this matter. The Court may award less than this amount. Under the Settlement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $15,000 to the representative plaintiff Victor Lozano from the Settlement Fund for his services in helping to prosecute and settle this case.

### Objecting to the Settlement

If you want to object to the Settlement, you can tell the Court that you don't agree with the Settlement or some part of it. Only those that remain in the Settlement Class may object to the Settlement. You cannot object if you have excluded yourself from the Settlement Class.

### 13. How do I tell the Court that I don't like the Settlement?

If you're a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter (or legal "brief") stating that you object to the Settlement in *Lozano v. Twentieth Century Fox Film Corp., et al.* (09-cv-06344) (N.D. Ill.) and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for

5

your objections. Your letter or brief must also include your name, your address, your cellular telephone number that received the unauthorized text message(s), and your signature. You must also specifically identify whether you received a text message of the kind described in the case and when it was received. If you want to appear and speak at the Final Approval Hearing, with or without a lawyer (explained below in answer to Question Number 14), you must say so in your letter or brief. In addition to filing your letter or brief with the Court (as set forth below), you must serve complete copies of your objection letter or brief on both counsel for Defendants and Class Counsel. If you fail to object as specified above, you will be deemed to have waived any objections and will be barred from raising any such objections in this case or any other proceeding.

In order to be considered, any objection letter or brief must be mailed by prepaid first class U.S. mail and postmarked no later than [Objection/Exclusion Deadline]. Any objection letter or brief, as well as all supporting materials, must be sent to:

The Honorable Amy J. St. Eve

c/o Clerk of the Court
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

**AND TO:**

Jay Edelson
Edelson McGuire, LLC
350 North LaSalle St, Suite 1300
Chicago, Illinois 60654

**AND TO:**

Marc E. Rosenthal

PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, IL 60602

## YOU MAY <u>NOT</u> OBJECT TO THE SETTLEMENT ONLINE.

### The Fairness Hearing

The Court has preliminarily approved the Settlement and will hold a fairness hearing to decide whether to give final approval to the Settlement. You may attend and you may ask to speak, but you don't have to in order for your objection to be considered.

### 14. When and where is the Fairness Hearing?

The Court will hold the Final Approval Hearing at [time] on [date], 2010 in Courtroom

1241 of the Everett McKinley Dirksen U.S. Courthouse, Room 1241, 219 S. Dearborn St., Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Class; to consider the parties' agreement that Class Counsel should be paid $3.75 million for attorneys' fees and expenses; and to consider the request for an incentive award to Victor Lozano in the amount of $15,000. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement that have properly been raised, as set forth above.

The hearing may be postponed to a different date or time without notice. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Fairness Hearing, you will receive notice of any change in the date of such Final Fairness Hearing.

You are not required to come to this hearing.

If the Court determines that the Settlement should be approved as fair, reasonable, adequate and in the best interests of the class, you and your representatives are barred from filing any lawsuit asserting any claims against Defendants that relate to the claims discussed above.

**Getting More Information**

**15. How do I get more information?**

This Notice is necessarily only a summary of the Settlement and its terms. You are free to inspect the court files from 9:00 a.m. until 4:30 p.m. on weekdays at the office of the Clerk of the Court, Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, IL 60604. You may also see a complete copy of the Class Action Settlement Agreement and other Court documents by clicking **here.** You can call the Settlement Administrator at [toll free number] or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on this website.

Date: xxx, 2010

**PLEASE DO NOT CONTACT THE COURT OR COUNSEL FOR DEFENDANTS ABOUT THIS NOTICE. YOU MAY CALL CLASS COUNSEL AT 1-866-354-3015 OR THE SETTLEMENT ADMINISTRATOR AT** [toll free number]

7