**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR LOZANO, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 09-CV-6344 |
| v. | ) ) | Honorable Amy J. St. Eve |
| TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation, TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC D/B/A FOXSTORE.COM, a Delaware limited liability company, | ) ) ) ) ) ) | |
| *Defendants*. | ) | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter coming to be heard on Plaintiffs' Uncontested Motion & Memorandum in Support of Final Approval of Class Action Settlement, Approval of Attorneys' Fees, Incentive Award, due and adequate notice having been given to the Settlement Class, and the Court having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.  Terms and phrases in this Order shall have the same meaning as ascribed to them in the Class Acton Settlement Agreement ("Settlement Agreement.")

2.  This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members.

3.  On November 17, 2010, this Court granted preliminarily approval the Settlement Agreement and certified the Settlement Class consisting of:

> All Persons Nationwide who in September or October of 2005 were sent a text message that stated:
> GEAR UP 4 THE HILARIOUS ANIMATED FILM ROBOTS ON DVD @FOXSTORE.COM. TAKE AN EXTRA $5 OFF THE ALREADY LOW PRICE BY USING COUPON CODE ROBOFOX PWRDBYZINGY

(Dkt. 57, ¶ 2.) Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice sent to Settlement Class Members. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

4. This Court now gives final approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

5. The Court approved Notice to the Settlement Class, as set forth in the Preliminary Approval Order on November 17, 2010, was the best notice practicable under the circumstances, including individual notice via U.S. Mail to the class members whose addresses were obtained through reasonable efforts with records in Defendants' custody or control, nationwide newspaper publication, website publication, targeted on-line advertising, and a press release. The Notice has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

6. The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness

Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

7. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

8. Upon the Effective Date of this settlement, the Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims) and to the extent the Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them, shall be deemed to have released Defendants Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment LLC, sued as "Twentieth Century Fox Home Entertainment LLC D/B/A FoxStore.com," as well as ipsh!net, Inc. ("ipsh!") and any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms,

trusts, corporations, officers, directors, other individuals or entities in which any of the Defendants or ipsh! has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities, from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined in the Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of the Text Message to the Settlement Class or that were or could have been alleged or asserted in the Action relating to such Text Message.

9. Upon the Effective Date the above release of Claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors and administrators, successors and assigns. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on or arising out of the sending or receipt of the Text Message.

10.     The Court approves the agreed-upon Fee Award to Class Counsel in the amount of $3,750,000.00, which the Court finds to be fair and reasonable. The Fee Award shall be paid pursuant to and in the manner provided by the terms of the Settlement Agreement.

11.     The Court approves the payment by Defendants of $15,000.00 to the Class Representative Victor Lozano as an incentive award for taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

12.     The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

13.     This Court hereby directs the entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

14.     This Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on any Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

15.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

It is so ordered, this 15th day of April 2011.

Enter:

_____
Honorable Amy J. St. Eve
United States District Court Judge